UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.

```
*         *         *         *
SAMUEL J. BOURNE, and
CHERYL L. BOURNE, Individ-  *
ually and as Trustees of
BEDROCK REALTY TRUST,       *
            Plaintiffs

            v

TOWN OF MADISON, MADISON    *
BOARD OF SELECTMEN, JOHN
R. ARRUDA, JR., CLIFFORD    *
A. GRAVES, EILEEN T. CRAFTS,
and ROBERT D. KING,         *
            Defendants
*         *         *         *
```

05 05 11384 WGY

MAGISTRATE JUDGE Alexander

COMPLAINT

RECEIPT # 65319
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

Statement Per FRCP Rule 8 – Jurisdiction is based on total
diversity of citizenship, claimed damages over $75,000.00,
and presence of one or more questions of federal law.


I. VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS TO
DUE PROCESS AND EQUAL PROTECTION IN VIOLATION OF FEDERAL
AND STATE CONSTITUTIONS (PURSUANT TO 42 USC 1983)

1. Plaintiffs are individuals and  Trustees of the Bedrock

Realty Trust, residing and conducting business at P.O. Box

545, 117 Pond Street, E. Bridgewater, Massachusetts 02333.


2.  Defendant,  Town  of  Madison,  is  a  municipality

incorporated under the laws of the State of New Hampshire

- 2 -

with a usual place of business at Town Hall, Route 113, P.O. Box 248, Madison, New Hampshire 03849.

3. Defendant, Madison Board of Selectman, is the Board of Selectmen of the Town of Madison, New Hampshire, with a usual place of business at Town Hall, Route 113, P.O. Box 248, Madison, New Hampshire 03849.

4. Defendant, John R. Arruda, Jr., is an individual currently residing at 40 North Division Road, Madison, New Hampshire 03875. Defendant Arruda, at all times pertinent to this case, was/is a member of the said Board of Selectmen for the Town of Madison.

5. Defendant, Clifford A. Graves, is an individual currently residing at 60 Mooney Hill Road, Madison, New Hampshire 03849. Defendant Graves, at all times pertinent to this case, was/is a member of the said Board of Selectmen for the Town of Madison.

6. Defendant, Eileen T. Crafts, is an individual currently

- 3 -

residing at 67 East Madison Road, Madison, New Hampshire
03849. Defendant Crafts, at all times pertinent to this
case, was/is a member of the said Board of Selectmen for
the Town of Madison.

7. Defendant, Robert D. King, is an individual currently
residing at 68 Westview Drive, Madison, New Hampshire
03849. Defendant King, inter alia, purportedly served as
an unauthorized "alternate" on a certain Town of Madison
Class VI Roads Study Committee created by town meeting vote
at the Town of Madison 1998 Annual Town Meeting.

8. On or before 28 June 2002, Plaintiffs contacted a
certain real estate broker, Lloyd & Day Real Estate, Inc.,
P.O. Box 286, 743 White Mountain Highway, Chocorua, New
Hampshire 03817, in furtherance of purchasing a tract of
undeveloped land in Madison, New Hampshire.

9. Following certain inquiries with the Board of Selectmen
as to Plaintiffs' intended use of undeveloped land in the

- 4 -

area, on 1 July 2002 Plaintiffs entered into a purchase and sale agreement (P & S Agreement) with Ray and Heather Giandrea, 22 Farrington Street, Arlington, Massachusetts 02474 (Sellers) for the purchase of a certain tract of land in Madison, New Hampshire containing fifty (50) acres, more or less, known as 128 East Madison Road, Assessor's Map 6, Lot 19, Madison, New Hampshire 03849. Said tract of land, hereafter, the "Locus", is further identified as Carroll County Registry of Deeds, Book 2067, Page 180.

10. Prior to completing the purchase of the said Locus (Para. 9, supra), Plaintiffs were advised o/a 28 June 2002 by the Defendant, Board of Selectmen, that the Locus was accessed by a so-called Class VI road (Ref: NH RSA 229:5, VII).

11. At said time (Para. 10, supra) Plaintiffs were further advised by Defendant Board of Selectmen that the purported Class VI road into the Locus was not maintained by the Defendant Town of Madison and, as a result, Plaintiffs, in order to obtain a building permit from Defendant Town of Madison, would be required to execute a certain waiver of

- 5 -

liability document which would, in effect, relieve the Defendant Town of Madison from liability to third parties and from maintenance of the said road.

12. At said time and in furtherance of the demands on Plaintiffs made by the Defendant Board of Selectmen (Para. 11, supra), the latter provided its own document ("Agreement 1") which Plaintiffs brought to their attorney for review (Judith N. Reardon, Esq., 216 Chocorua Mountain Highway, P.O. Box 350, Chocorua, New Hampshire 03817). N.B. - Agreement 1 was never signed by the parties.

13. Plaintiffs' said attorney (Para. 12, supra) made certain revisions to Agreement 1 and delivered a new and revised document ("Agreement 2") to Plaintiffs. Plaintiffs delivered Agreement 2 to the Defendant Board of Selectmen o/a 26 August 2002 with a cover letter from Plaintiffs which requested Defendant Board of Selectmen, inter alia, to review, sign, and return the "revised signed waiver".

14. Agreement 2 contained a certain Clause 4, inserted by the said Attorney Reardon at the request of Plaintiffs,

- 6 -

that the public would be prohibited from using the "right
of way" to the Locus, allowing only for police and fire
emergency use of said "right of way".

15. In fact, Agreement 2 was signed and notarized by
Plaintiffs and Defendants Arruda, Graves, and Crafts on
25/28 August 2002; the said Defendants then caused
Agreement 2 to be recorded at Carroll County Registry of
Deeds on 30 August 2002 (Book 2056, Page 6).

16. In complete and total reliance on the execution of
Agreement 2 and the recording thereof by Defendants Arruda,
Graves, and Crafts, Plaintiff's completed the purchase of
the Locus on 30 September 2002 by a certain deed from
the said Giandreas (Para. 9, supra) (Ref: Carroll County
Registry of Deeds, Book 2067, Page 180).

17. On 16 October 2002 Defendant Arruda sent a letter to
Plaintiffs with a "revised agreement" concerning the
roadway to the Locus, aka, Solomon Harmon Road. Defendant
Arruda advised that this "revised agreement" was required
in order for Plaintiffs to obtain a building permit from

the Defendant Town of Madison and further advised Plaintiffs that the previous agreement (Agreement 2) was "invalid" due to alterations made to it by the said Attorney Reardon (viz., ". . . general public cannot have access to the Solomon Harmon Road").

18. Subsequent to the letter of 16 October 2002 from Defendant Arruda to Plaintiffs, o/a 10 February 2003 Plaintiffs became aware of a second cover letter (Para. 13, supra) produced by Defendant Board of Selectmen which deleted any references to "revised" and a request that the Defendant Board of Selectmen "review" Agreement 2 before signing and recording same. A professional handwriting expert, Mr. Ronald H. Rice, issued a report o/a 31 January 2005 regarding the two (2) cover letters, one of which allegedly accompanied Agreement 2. Mr. Rice concluded that the second cover letter proffered by the Board of Selectmen (through counsel) contained a forgery of Plaintiffs' signature as well as a purported match of type face to other documents issued from Defendant Board of Selectmen.

- 8 -

19. On or about 11 November 2002, Defendant Robert D. King, in consort with the various Town boards and, in particular, with Defendant Board of Selectmen, wrongfully and deceitfully suggested a ploy to Defendant Board of Selectmen such that Agreement 2 was falsely and deceitfully executed and submitted to them by Plaintiffs.

20. Sometime in November of 2002, consistent with Para. 4 of Agreement 2, Plaintiffs erected a steel gate with a removal clip across the roadway into the Locus. They were promptly confronted by the Building Inspector, on orders from Defendant Board of Selectmen, to remove the steel gate or face criminal arrest. This action was taken by Defendant Board of Selectmen despite the legal status of the purported Class VI roadway as "deemed subject to gates and bars." (Ref: NH RSA:21-a).

21. On or about 12 November 2002 the Madison Building Inspector, presumably on orders from Defendant Board of Selectmen, denied Plaintiffs' request for a building permit to erect a residential building on the Locus. This action

- 9 -

was taken in direct contravention of Clause 1 of Agreement
2, signed by the parties on 28 August 2002.

22. At various times following Plaintiffs' purchase of the
Locus on 30 September 2002, Defendant Board of Selectmen
unlawfully pressured, discouraged, and/or restricted   New
Hampshire   Electric   Cooperative,   Inc.   from   installing
utility poles and power lines on the portion of the roadway
leading from East Madison road to the Locus.

23. On   or   about   4   December   2002   Defendant   Board   of
Selectmen ordered the Madison Highway Department to rip out
and remove the gate (unlocked) at the entrance to the Locus
despite the insistence of the Defendant Board of Selectmen
that   the   so-called   Solomon   Harmon   Road   was   a   Class   VI
highway, and by definition, "subject to gates and bars".

24. On 13 April 2003, under great pressure and coercion
from Defendant Board of Selectmen, Plaintiffs signed a
certain Revised Agreement (Agreement 3) which, in effect,
(1) Deleted all reference to the roadway ("Solomon Harmon
Road") as being exclusive to Plaintiffs (members of public

- 10 -

excluded); (2) Attempted to classify Solomon Harmon Road
as being a Class VI highway in clear violation of existing
statutory law (Ref: NH RSA 229:1); and (3) Agreed (once
again) to issue a building permit to Plaintiffs.

25. On or after 1 May 2003, Defendant Board of Selectmen
agreed to issue a building permit to Plaintiffs, which was,
in fact, done on 7 May 2003.

26. On or about 14 September 2003, Defendants Robert D.
King, John R. Arruda, Jr., Clifford A. Graves, and Eileen
T. Crafts, in furtherance of their purported intent to
promote a snowmobile and ATV trail system throughout the
Town of Madison, prepared and submitted House Bill 1166
to the New Hampshire Legislature. This was done despite
prior Town Meeting votes which had twice rejected such
action. In effect, this new law would abridge the rights of
private landowners, including Plaintiffs, to the full and
exclusive use of their property.

27. On or about 14 October 2003 Plaintiffs applied to
Defendant Town of Madison for a permit to construct a
four (4) lot subdivision of the Locus. The Madison Planning
Board, with **Selectman** Defendant Clifford Graves sitting on
said Planning Board, rejected Plaintiffs application.
N.B. - Plaintiffs requested a four (4) lot subdivision of
fifty (50) acres with a thirty (30) foot wide access.
However, on or about 1 December 2004, the Town of Madison
Planning Board approved an eight (8) lot subdivision of
twenty-five (25) acres with a twenty-eight (28) foot wide
access for another landowner in the Town of Madison.

28. On 19 November 2003 Defendant Board of Selectmen
coerced Plaintiffs to have the roadway through the Locus
surveyed, repaired, and maintained through the installation
of a certain grade of crushed gravel. This was done despite
the insistence of the Defendant Board of Selectmen that the
roadway through the Locus was, in the view of Defendant
Town of Madison and Defendant Board of Selectmen, a Class
VI highway, with maintenance responsibilities being the
sole bailiwick of Plaintiffs.

- 12 -

29. On 4 December 2003 the Town of Madison police chief, presumably on orders from Defendant Board of Selectmen, interfered with road maintenance being done at the direction of Plaintiffs, despite a contravening order from a Superior Court Judge.

30. On or about 6 February 2004, presumably on orders from Defendant Board of Selectmen, the Town of Madison Building Inspector notified Plaintiffs that their building permit was revoked, citing bad faith reasons that were never presented to Plaintiffs when the said building permit was originally issued o/a 1 May 2003.

31. On one or more occasions on and after the execution of Agreement 2 on 28 August 2002 and its accompanying cover letter, ongoing, Plaintiffs informed Defendant Board of Selectmen that a forgery had been committed by someone in the preparation and signing of the cover letter. In response, on information and belief, Defendant Board of Selectmen contacted the Carroll County Sheriffs Department and others in an effort to have Plaintiffs arrested for falsification of a police report and false accusation.

32. Subsequent to Plaintiffs' purchase of the Locus on 30
September 2002 and ongoing, Defendant Board of Selectmen
have attempted to circumvent the disputed classification of
the so-called Solomon Harmon Road by commencing a formal
highway layout procedure which is legally defective and in
violation of existing state law. (Ref: NH RSA 231:10
pertaining to notice; NH RSA 674:40 pertaining to Planning
Board approvals; NH RSA 231:11 pertaining to hearings
procedure, et al.)

33. On and after 30 September 2002 Defendant Board of
Selectmen has wrongfully attempted to limit or eliminate
Plaintiffs' use of the roadway to the Locus by wrongly
asserting claims that the roadway is a Class VI highway
under the theories of (1) prescriptive easement; (2)
dedication and acceptance; (3) lapse (five or more years);
and/or (4) highway layout.

34. Throughout the entire chronology of Plaintiffs'
attempts to purchase, utilize, and enjoy the Locus, and
acting under color of various state laws and regulations
from 2002 to the present, Defendant Board of Selectmen has

consistently and capriciously violated Plaintiffs' rights
to due process and equal protection and have ignored the
explicit language and intentions of the following deeds
which have a bearing on the use, restrictions, and
classification, of the so-called Solomon Harmon Road:

   (1) Kelsey et ux to Town of Madison; 5 January 1979;
       Carroll County Deeds, Book 734, Pages 78-80

   (2) James et ux to Kelsey et ux; 10 November 1978;
       Carroll County Deeds, Book 726, Page 422

   (3) McNair to Town of Madison; 26 December 1976;
       Carroll County Deeds, Book 648, Page 199

35. As a direct and proximate result of the rapacious,
willful, and capricious actions taken by all of the above
Defendants, Plaintiffs' constitutional rights to the
enjoyment of their property (the "Locus") have been
unfairly taken, they have been refused equal protection of
the law, and they have been forced to expend sums well in
excess of $75,000.00 to acquire and maintain the Locus.

## II. BREACH OF CONTRACT

1. Count I is repeated and incorporated by reference.

2. Agreement 2 (Count I, Para. 15) constituted a valid contract between Plaintiffs, Defendant Board of Selectmen and Defendant Town of Madison.

3. Defendants breached the terms of said contract in bad faith resulting in concomitant damages to Plaintiffs.

## III. FRAUD/DECEIT

1. Count I is repeated and incorporated by reference.

2. Defendants Arruda, Graves, and Crafts forged, or caused to be forged, a certain cover letter dated 26 August 2002, said letter containing the alleged signature of Plaintiff ("Sam Bourne") and a type font which appears to match that of exemplars from the Selectmen's office.

3. Said forged cover letter was generated to exonerate

- 16 -

Defendant Board of Selectmen and force Plaintiffs to
agree to rescind Agreement 2.

4. Defendants Arruda, Graves, and Crafts, in forging or
causing to be forged the said cover letter (Para. 2),
caused material damages to Plaintiffs.

## IV - NEGLIGENCE

1. Count I is repeated and incorporated by reference.

2. Defendants Arruda, Graves, and Crafts, having made prior
admissions that they signed Agreement 2 without reading
same and/or conferring with Town Counsel, committed an act
of negligence to Plaintiffs, persons to whom a duty of due
care was owed, resulting in damages to them.

## V - ESTOPPEL

1. Count I is repeated and incorporated by reference.

2. Plaintiffs relied on the prior (1979) easement granted

by Kelsey et ux to the Town of Madison (Carroll County

Deeds, Book 734, Page 78-80) (Count I, Para. 34(1)) which

restricted the so-called Solomon Harmon road from travel

by motorized snow machines.

3. If Defendant Town of Madison "accepted" the "dedication"

of the easement from Kelsey et ux (supra), it is estopped

from any attempted expansion of rights set forth therein.

## VI - INTERFERENCE WITH CONTRACTUAL RELATIONS

1. Count I is repeated and incorporated by reference.

2. Defendant Board of Selectmen wrongfully interfered

with the installation of electrical power service (Count I,

Para. 22) and road maintenance (Count I, Para. 29) being

performed by contract by Plaintiffs and third parties.

3. Said wrongful interference by Defendant Board of

Selectmen caused damage to Plaintiffs.

## VII - DECLARATORY RELIEF

1. Count I is repeated and incorporated by reference.

2. Plaintiffs hereby petition this Honorable Court for a determination and ruling that there is no Class VI highway running through any part of Plaintiff's said property (the "Locus") including, but not limited to, the so-called Solomon Harmon Road.

## VIII - INJUNCTIVE RELIEF

1. Count I is repeated and incorporated by reference.

2. Plaintiffs hereby petition this Honorable Court for a permanent injunction to prevent Defendant Town of Madison and its agents, employees, and representatives from any and all attempts to retaliate against Plaintiffs by designating the access into their property (the "Locus") as a Class VI highway and to issue a building permit to Plaintiffs for the construction of a residential dwelling on the Locus.

- 19 -

WHEREFORE, Plaintiffs demand judgment against Defendants for damages reflecting the loss of value of their land (the "Locus"), engineering, survey, maintenance, and legal fees and expenses, punitive damages against the individual Defendants, costs, and interest from date of suit. Plaintiffs further demand declaratory relief from the Court that no roadway, path, or trail through the Locus is a so-called Class VI highway; they further request a preliminary injunction enjoining Defendant Town of Madison and its employees, agents, and representatives from further attempts to classify the roadway leading into Plaintiffs' property (the "Locus") as a Class VI highway, and a further order to issue a building permit to Plaintiffs for the construction of a single family dwelling on the Locus.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES NOT EXPRESSLY RESERVED FOR THE COURT

- 20 -

28 June 2005                    The Plaintiffs: Samuel J. Bourne
                                and Cheryl L. Bourne

                                Individually and as Trustees of
                                Bedrock Realty Trust

                                By their attorney:

                                _Gerald F. Williamson_
                                Gerald F. Williamson, Esq.
                                71 Legion Parkway
                                Brockton, MA 02301
                                (508)588-2284   BBO #529240


## VERIFICATION STATEMENT

We, Samuel J. Bourne and Cheryl L. Bourne, individually and
as Trustees of the Bedrock Realty Trust, hereby say under
oath that we have reviewed the within Complaint consisting
of nineteen (19) pages and we affirm under oath that the
facts, statements, and averments contained herein are true,
accurate, and complete, based on our reasonable knowledge
and belief.

_Samuel J. Bourne_                   _Samuel J. Bourne, TR_
Samuel J. Bourne, Indiv.             Samuel J. Bourne, Trustee
                                     Bedrock Realty Trust

_Cheryl L. Bourne_                   _Cheryl L. Bourne, TR_
Cheryl L. Bourne, Indiv.             Cheryl L. Bourne, Trustee
                                     Bedrock Realty Trust

JS44 (Rev. 11.04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Samuel J. Bourne, Indiv., and as
Trustee of Bedrock Realty Trust

## DEFENDANTS
Town of Madison (N.H.)

(b) County of Residence of First Listed Plaintiff **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gerald F. Williamson, Esq.
71 Legion Pkwy., Brockton, MA 02301
(508)588-2284    BBO #529240

Attorneys (If Known)
Cooper, Deans & Cargill
P.O. Box 450
No. Conway, NH 03860

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Wrongful designation of land entryway as public highway

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
Over $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
N/A
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
30 June 2005

SIGNATURE OF ATTORNEY OF RECORD
*Gerald F. Williamson*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____    Samuel J. Bourne  v

    Town of Madison

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

|   |      |   |
|---|------|---|
| ___ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| X | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                for patent, trademark or copyright cases |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| ___ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| ___ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    N/A    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☐    NO ☒

    A.    If yes, in which division do all of the non-governmental parties reside?    N/A

          Eastern Division ☐        Central Division ☐        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☒        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    N/A    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____    Gerald F. Williamson, Esq.

ADDRESS _____    71 Legion Parkway, Brockton, MA 02301

TELEPHONE NO. _____    (508) 588-2284    BBO #529240

(CategoryForm.wpd  -5/2/05)