FILED
CLERKS OFFICE
2005 JUL 11 P 3:16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11384-WGY

* * * *

SAMUEL J. BOURNE, INDIVIDUALLY and as TRUSTEE of the BEDROCK REALTY TRUST,
Plaintiffs

v

TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS, and ROBERT D. KING,
Defendants

* * * *

FIRST AMENDED VERIFIED COMPLAINT

Statement Per FRCP Rule 8 - Jurisdiction is based on total diversity of citizenship, claimed damages over $75,000.00, and presence of one or more questions of federal law.

## I. VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION IN VIOLATION OF FEDERAL AND STATE CONSTITUTIONS (PURSUANT TO 42 USC 1983)

1. Plaintiffs are individual and Trustee of the Bedrock Realty Trust, residing and conducting business at P.O. Box 545, 117 Pond Street, E. Bridgewater, Massachusetts 02333.

2. Defendant, Town of Madison, is a municipality incorporated under the laws of the State of New Hampshire

with a usual place of business at Town Hall, Route 113, P.O. Box 248, Madison, New Hampshire 03849.

3. Defendant, Madison Board of Selectman, is the Board of Selectmen of the Town of Madison, New Hampshire, with a usual place of business at Town Hall, Route 113, P.O. Box 248, Madison, New Hampshire 03849.

4. Defendant, John R. Arruda, Jr., is an individual currently residing at 40 North Division Road, Madison, New Hampshire 03875. Defendant Arruda, at all times pertinent to this case, was/is a member of the said Board of Selectmen for the Town of Madison.

5. Defendant, Clifford A. Graves, is an individual currently residing at 60 Mooney Hill Road, Madison, New Hampshire 03849. Defendant Graves, at all times pertinent to this case, was/is a member of the said Board of Selectmen for the Town of Madison.

6. Defendant, Eileen T. Crafts, is an individual currently

residing at 67 East Madison Road, Madison, New Hampshire 03849. Defendant Crafts, at all times pertinent to this case, was/is a member of the said Board of Selectmen for the Town of Madison.

7. Defendant, Robert D. King, is an individual currently residing at 68 Westview Drive, Madison, New Hampshire 03849. Defendant King, inter alia, purportedly served as an unauthorized "alternate" on a certain Town of Madison Class VI Roads Study Committee created by town meeting vote at the Town of Madison 1998 Annual Town Meeting.

8. On or before 28 June 2002, Plaintiffs contacted a certain real estate broker, Lloyd & Day Real Estate, Inc., P.O. Box 286, 743 White Mountain Highway, Chocorua, New Hampshire 03817, in furtherance of purchasing a tract of undeveloped land in Madison, New Hampshire.

9. Following certain inquiries with the Board of Selectmen as to Plaintiffs' intended use of undeveloped land in the

area, on 1 July 2002 Plaintiffs entered into a purchase and sale agreement (P & S Agreement) with Ray and Heather Giandrea, 22 Farrington Street, Arlington, Massachusetts 02474 (Sellers) for the purchase of a certain tract of land in Madison, New Hampshire containing fifty (50) acres, more or less, known as 128 East Madison Road, Assessor's Map 6, Lot 19, Madison, New Hampshire 03849. Said tract of land, hereafter, the "Locus", is further identified as Carroll County Registry of Deeds, Book 2067, Page 180.

10. Prior to completing the purchase of the said Locus (Para. 9, supra), Plaintiffs were advised o/a 28 June 2002 by the Defendant, Board of Selectmen, that the Locus was accessed by a so-called Class VI road (Ref: NH RSA 229:5, VII).

11. At said time (Para. 10, supra) Plaintiffs were further advised by Defendant Board of Selectmen that the purported Class VI road into the Locus was not maintained by the Defendant Town of Madison and, as a result, Plaintiffs, in order to obtain a building permit from Defendant Town of Madison, would be required to execute a certain waiver of

liability document which would, in effect, relieve the Defendant Town of Madison from liability to third parties and from maintenance of the said road.

12. At said time and in furtherance of the demands on Plaintiffs made by the Defendant Board of Selectmen (Para. 11, supra), the latter provided its own document ("Agreement 1") which Plaintiffs brought to their attorney for review (Judith N. Reardon, Esq., 216 Chocorua Mountain Highway, P.O. Box 350, Chocorua, New Hampshire 03817). N.B. - Agreement 1 was never signed by the parties.

13. Plaintiffs' said attorney (Para. 12, supra) made certain revisions to Agreement 1 and delivered a new and revised document ("Agreement 2") to Plaintiffs. Plaintiffs delivered Agreement 2 to the Defendant Board of Selectmen o/a 26 August 2002 with a cover letter from Plaintiffs which requested Defendant Board of Selectmen, inter alia, to review, sign, and return the "revised signed waiver".

14. Agreement 2 contained a certain Clause 4, inserted by the said Attorney Reardon on behalf of Plaintiffs,

that the public would be prohibited from using the "right of way" to the Locus, allowing only for police and fire emergency use of said "right of way".

15. In fact, Agreement 2 was signed and notarized by Plaintiffs and Defendants Arruda, Graves, and Crafts on 25/28 August 2002; the said Defendants then caused Agreement 2 to be recorded at Carroll County Registry of Deeds on 30 August 2002 (Book 2056, Page 6).

16. In complete and total reliance on the execution of Agreement 2 and the recording thereof by Defendants Arruda, Graves, and Crafts, Plaintiffs completed the purchase of the Locus on 30 September 2002 by a certain deed from the said Giandreas (Para. 9, supra) (Ref: Carroll County Registry of Deeds, Book 2067, Page 180).

17. On 16 October 2002 Defendant Arruda sent a letter to Plaintiffs with a "revised agreement" concerning the roadway to the Locus, aka, Solomon Harmon Road. Defendant Arruda advised that this "revised agreement" was required in order for Plaintiffs to obtain a building permit from

the Defendant Town of Madison and further advised Plaintiffs that the previous agreement (Agreement 2) was "invalid" due to alterations made to it by the said Attorney Reardon (viz., ". . . general public cannot have access to the Solomon Harmon Road").

18. On or about 11 November 2002, Defendant Robert D. King, in consort with the various Town boards and, in particular, with Defendant Board of Selectmen, wrongfully and deceitfully suggested a ploy to Defendant Board of Selectmen such that Agreement 2 was falsely and deceitfully executed and submitted to them by Plaintiffs.

19. Sometime in November of 2002, consistent with Para. 4 of Agreement 2, Plaintiffs erected a steel gate with a removal clip across the roadway into the Locus. They were promptly confronted by the Building Inspector, on orders from Defendant Board of Selectmen, to remove the steel gate or face criminal arrest. This action was taken by Defendant Board of Selectmen despite the legal status of the purported Class VI roadway as "deemed subject to gates and bars." (Ref: NH RSA:21-a).

20. On or about 12 November 2002 the Madison Building Inspector, presumably on orders from Defendant Board of Selectmen, denied Plaintiffs' request for a building permit to erect a residential building on the Locus. This action was taken in direct contravention of Clause 1 of Agreement 2, signed by the parties on 28 August 2002.

21. At various times following Plaintiffs' purchase of the Locus on 30 September 2002, Defendant Board of Selectmen unlawfully pressured, discouraged, and/or restricted New Hampshire Electric Cooperative, Inc. from installing utility poles and power lines on the portion of the roadway leading from East Madison road to the Locus.

22. On or about 4 December 2002 Defendant Board of Selectmen ordered the Madison Highway Department to rip out and remove the gate (unlocked) at the entrance to the Locus despite the insistence of the Defendant Board of Selectmen that the so-called Solomon Harmon Road was a Class VI highway, and by definition, "subject to gates and bars".

23. Subsequent to the letter of 16 October 2002 from Defendant Arruda to Plaintiffs, o/a 10 February 2003 Plaintiffs became aware of a second cover letter (Para. 13, supra) produced by Defendant Board of Selectmen which deleted any references to "revised" and a request that the Defendant Board of Selectmen "review" Agreement 2 before signing and recording same. A professional handwriting expert, Mr. Ronald H. Rice, issued a report o/a 31 January 2005 regarding the two (2) cover letters, one of which allegedly accompanied Agreement 2. Mr. Rice concluded that the second cover letter proffered by the Board of Selectmen (through counsel) contained a forgery of Plaintiffs' signature as well as a purported match of type face to other documents issued from Defendant Board of Selectmen.

24. On 13 April 2003, under great pressure and coercion from Defendant Board of Selectmen, Plaintiffs signed a certain Revised Agreement (Agreement 3) which, in effect, (1) Deleted all reference to the roadway ("Solomon Harmon Road") as being exclusive to Plaintiffs (members of public excluded); (2) Attempted to classify Solomon Harmon Road as being a Class VI highway in clear violation of existing

statutory law (Ref: NH RSA 229:1); and (3) Agreed (once again) to issue a building permit to Plaintiffs.

25. On or after 1 May 2003, Defendant Board of Selectmen agreed to issue a building permit to Plaintiffs, which was, in fact, done on 7 May 2003.

26. On or about 14 September 2003, all of the within named Defendants, in furtherance of their ongoing policy and intent to promote a snowmobile and ATV trail system throughout the Town of Madison, prepared and submitted House Bill 1166 to the New Hampshire Legislature. This was done despite prior Town Meeting votes which had twice rejected such action. In effect, this new law would abridge the rights of private landowners, including Plaintiffs, to the full and exclusive use of their property, via a confiscatory scheme to expand the use of Class VI roads for off-highway vehicular (OHV) use.

27. On or about 14 October 2003 Plaintiffs applied to Defendant Town of Madison for a permit to construct a

four (4) lot subdivision of the Locus. The Madison Planning Board, with ***Selectman*** Defendant Clifford Graves sitting on said Planning Board, rejected Plaintiffs application. N.B. - Plaintiffs requested a four (4) lot subdivision of fifty (50) acres with a thirty (30) foot wide access. However, on or about 1 December 2004, the Town of Madison Planning Board approved an eight (8) lot subdivision of twenty-five (25) acres with a twenty-eight (28) foot wide access for another landowner in the Town of Madison.

28. On 19 November 2003 Defendant Board of Selectmen wrongfully coerced Plaintiffs to have the roadway through the Locus surveyed, repaired, and maintained through the installation of a certain grade of crushed gravel. This was done despite the insistence of the Defendant Board of Selectmen that the roadway through the Locus was, in the view of Defendant Town of Madison and Defendant Board of Selectmen, a Class VI highway, with maintenance responsibilities being the sole bailiwick of Plaintiffs.

29. On 4 December 2003 the Town of Madison police chief, presumably on orders from Defendant Board of Selectmen,

interfered with road maintenance on the Locus being done at the direction of Plaintiffs, despite a contravening order from a Superior Court Judge.

30. On or about 6 February 2004, presumably on orders from Defendant Board of Selectmen, the Town of Madison Building Inspector notified Plaintiffs that their building permit was revoked, citing bad faith reasons that were never presented to Plaintiffs when the said building permit was originally issued o/a 1 May 2003.

31. On one or more occasions on and after the execution of Agreement 2 on 28 August 2002 and its accompanying cover letter, ongoing, Plaintiffs informed Defendant Board of Selectmen that a forgery had been committed by someone in the preparation and signing of the cover letter. In response, on information and belief, Defendant Board of Selectmen contacted the Carroll County Sheriffs Department and others in an effort to have Plaintiffs arrested for falsification of a police report and false accusation.

32. Subsequent to Plaintiffs' purchase of the Locus on 30 September 2002 and ongoing, Defendant Board of Selectmen have attempted to circumvent the disputed classification of the so-called Solomon Harmon Road by commencing a formal highway layout procedure which is legally defective and in violation of existing state law. (Ref: NH RSA 231:10 pertaining to notice; NH RSA 674:40 pertaining to Planning Board approvals; NH RSA 231:11 pertaining to hearings procedure, et al.)

33. On and after 30 September 2002, and ongoing, Defendant Board of Selectmen has wrongfully attempted to limit or eliminate Plaintiffs' use of the roadway to the Locus by wrongly asserting claims that the roadway is a Class VI highway under theories of (1) prescriptive easement; (2) dedication and acceptance; (3) lapse (five or more years); and/or (4) highway layout.

34. Throughout the entire chronology of Plaintiffs' attempts to purchase, utilize, and enjoy the Locus, and acting under color of various state laws and regulations

from 2002 to the present, Defendant Board of Selectmen has consistently and capriciously violated Plaintiffs' rights to due process and equal protection and have ignored the explicit language and intentions of the following deeds which have a bearing on the use, restrictions, and classification, of the so-called Solomon Harmon Road:

(1) Kelsey et ux to Town of Madison; 5 January 1979; Carroll County Deeds, Book 734, Pages 78-80

(2) James et ux to Kelsey et ux; 10 November 1978; Carroll County Deeds, Book 726, Page 422

(3) McNair to Town of Madison; 26 December 1976; Carroll County Deeds, Book 648, Page 199

35. As a direct and proximate result of the rapacious, willful, and capricious actions taken by all of the above Defendants, Plaintiffs' constitutional rights to the enjoyment of their property (the "Locus") have been unfairly taken, they have been refused equal protection of the law, and they have been forced to expend sums well in

excess of $75,000.00 to acquire and maintain the Locus.

## II. BREACH OF CONTRACT

1. Count I is repeated and incorporated by reference.

2. Agreement 2 (Count I, Para. 15) constituted a valid contract between Plaintiffs, Defendant Board of Selectmen, and Defendant Town of Madison.

3. Defendants breached the terms of said contract in bad faith, resulting in concomitant damages to Plaintiffs.

## III. FRAUD/DECEIT

1. Count I is repeated and incorporated by reference.

2. Defendants Arruda, Graves, and Crafts forged, or caused to be forged, a certain cover letter dated 26 August 2002, said letter containing the alleged signature of Plaintiff ("Sam Bourne") and a type font which appears to match that of exemplars from the Selectmen's office.

3. Said forged cover letter was generated to exonerate Defendant Board of Selectmen and force Plaintiffs to agree to rescind Agreement 2.

4. Defendants Arruda, Graves, and Crafts, in forging or causing to be forged the said cover letter (Para. 2, supra), caused material damages to Plaintiffs.

IV - NEGLIGENCE

1. Count I is repeated and incorporated by reference.

2. Defendants Arruda, Graves, and Crafts, having made prior admissions that they signed Agreement 2 without reading same and/or conferring with Town Counsel, committed an act of negligence to Plaintiffs, persons to whom a duty of due care was owed, resulting in damages to them.

V - ESTOPPEL

1. Count I is repeated and incorporated by reference.

2. Plaintiffs relied on the prior (1979) easement granted by Kelsey et ux to the Town of Madison (Carroll County Deeds, Book 734, Page 78-80) (Count I, Para. 34(1)) which restricted the so-called Solomon Harmon road from travel by motorized snow machines.

3. If Defendant Town of Madison "accepted" the "dedication" of the easement from Kelsey et ux (supra), it is estopped from any attempted expansion of rights set forth therein.

VI - INTERFERENCE WITH CONTRACTUAL RELATIONS

1. Count I is repeated and incorporated by reference.

2. Defendant Board of Selectmen wrongfully interfered with the installation of electrical power service (Count I, Para. 21) and road maintenance (Count I, Para. 28) being performed by contract by Plaintiffs and third parties.

3. Said wrongful interference by Defendant Board of Selectmen (Para. 2) caused damage to Plaintiffs.

## VII - DECLARATORY RELIEF

1. Count I is repeated and incorporated by reference.

2. Plaintiffs hereby petition this Honorable Court for a determination and ruling that there is no Class VI highway running through any part of Plaintiffs' said property (the "Locus") including, but not limited to, the so-called Solomon Harmon Road.

## VIII - INJUNCTIVE RELIEF

1. Count I is repeated and incorporated by reference.

2. Plaintiffs hereby petition this Honorable Court for a permanent injunction to prevent Defendant Town of Madison and its agents, employees, and representatives from any and all attempts to retaliate against Plaintiffs by designating the access into their property (the "Locus") as a Class VI highway and to issue a building permit to Plaintiffs for the construction of a residential dwelling on the Locus.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages reflecting the loss of value of their land (the "Locus"), engineering, survey, maintenance, and legal fees and expenses, punitive damages against the individual Defendants, costs, and interest from date of suit. Plaintiffs further demand declaratory relief from the Court that no roadway, path, or trail through the Locus is a so-called Class VI highway; they further request a preliminary injunction enjoining Defendant Town of Madison and its employees, agents, and representatives from further attempts to classify the roadway leading into Plaintiffs' property (the "Locus") as a Class VI highway, a ruling that Defendant Town of Madison never "accepted" the Kelsey easement "dedication" or is estopped from expanding any of the access rights set forth in said Kelsey deed, and a further order to issue a building permit to Plaintiffs for the construction of a single family dwelling on the Locus.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES NOT EXPRESSLY RESERVED FOR THE COURT

28 June 2005

The Plaintiffs: Samuel J. Bourne, Individually and as Trustee of Bedrock Realty Trust

By their attorney:

Gerald F. Williamson

Gerald F. Williamson, Esq.
71 Legion Parkway
Brockton, MA 02301
(508)588-2284 BBO #529240

VERIFICATION STATEMENT

We, Samuel J. Bourne, individually and as Trustee of the Bedrock Realty Trust, hereby say under oath that we have reviewed the within Complaint consisting of nineteen (19) pages and we affirm under oath that the facts, statements, and averments contained herein are true, accurate, and complete, based on our reasonable knowledge and belief.

Samuel J. Bourne

Samuel J. Bourne, Indiv.

Samuel J. Bourne, Tr.

Samuel J. Bourne, Trustee
Bedrock Realty Trust