UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL J. BOURNE, Indiv., and as Trustee of Bedrock Realty Trust <br>        Plaintiff <br><br> v. <br><br> TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS and ROBERT D. KING <br>        Defendants. | **CASE NO. 05-11384-wgy** |

**MOTION OF DEFENDANTS, TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS and ROBERT D. KING TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants, Town of Madison, Madison Board of Selectmen, John R. Arruda, Jr., Clifford A. Graves, Eileen T. Crafts, and Robert D. King, by and through their attorneys, Devine, Millimet & Branch, Professional Association, in lieu of an answer, respectfully move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over the moving defendants. In support of their Motion, defendants state as follows:

1.      This action arises out of allegations concerning the treatment of certain land in Madison, New Hampshire by various selectmen and town officers of that Town.

2.      All of the actions alleged in the Amended Complaint are said to have occurred in Madison, New Hampshire.  Specifically, the plaintiffs allege that the defendants made certain representations to plaintiffs prior to their purchase of real property in Madison, New Hampshire.  *See* Amended Complaint ¶¶ 9-11.  Plaintiffs allege that the defendants later forged documents and pressured a variety of New Hampshire based entities to interfere with their use of the property.  A.C. @ ¶¶ 18-30.

3.      As alleged in the Amended Complaint, each defendant resides in the State of New Hampshire.  Amended Complaint, ¶¶ 2-7.  The Town of Madison is a municipal corporation located in the State of New Hampshire.  Amended Complaint, ¶ 2.

4.      The allegations of the Amended Complaint are insufficient to satisfy the Massachusetts Long-Arm Statute, codified at G.L. Ch. 223A, § 3.  In addition, the moving defendants lack sufficient minimum contacts with Massachusetts to permit the exercise of jurisdiction over them consistent with due process.  *See Noonan v. The Winston Company*, 135 F.3d 85, 89 (1st Cir. 1998).  As such,

this Court lacks personal jurisdiction over the moving defendants.

5. In further support of their Motion, defendants submit the accompanying Memorandum of Law.

**WHEREFORE**, defendants respectfully request that this Honorable Court:

A. Dismiss the Complaint as to the Town of Madison, Madison Board of Selectmen, John R. Arruda, Jr., Clifford A. Graves, Eileen T. Crafts, and Robert D. King; and

B. Grant such other and further relief as may be just and equitable.

                                        Respectfully submitted,

                                        THE TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS, and ROBERT D. KING

                                        By their Attorneys,

                                        DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

Date:   7/21/05                 By:  /s/ Brian J.S. Cullen
                                            Brian J.S. Cullen, Esquire
                                            BBO #566953
                                            111 Amherst Street
                                            Manchester, NH  03105
                                            (603)669-1000

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion to Dismiss has been served via the ECF and by first class mail on this 21st day of July, 2005 to Gerald F. Williamson, Esquire, 71 Legion Parkway, Brockton, MA 02301, counsel for the plaintiff.


Date:     7/21/05                    /s/ Brian J.S. Cullen
                                                  Brian J.S. Cullen, Esquire

J:\wdox\docs\forms\bcull\lit\M0744737.DOC