UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
SAMUEL J. BOURNE, Indiv., and    *
as Trustee of Bedrock Realty     *
Trust                            *
                Plaintiff        *
                                 *
v.                               *    CASE NO. 05-11384-wgy
                                 *
TOWN OF MADISON, MADISON         *
BOARD OF SELECTMEN, JOHN R.      *
ARRUDA, JR., CLIFFORD A.         *
GRAVES, EILEEN T. CRAFTS and     *
ROBERT D. KING                   *
                Defendants.      *
                                 *
```

**MEMORANDUM OF DEFENDANTS, TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS and ROBERT D. KING IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants, Town of Madison, Madison Board of Selectmen, John R. Arruda, Jr., Clifford A. Graves, Eileen T. Crafts, and Robert D. King, by and through their attorneys, Devine, Millimet & Branch, Professional Association, respectfully submit this Memorandum of Law in support of their Motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Amended Complaint on the grounds that this Court lacks personal jurisdiction over the moving defendants.

**INTRODUCTION**

The plaintiffs allege that various defendants, including the Town of Madison, New Hampshire, its selectmen, and an officer of that Town committed civil rights violations and myriad torts by misleading him about the status of a road accessing a parcel of land he eventually purchased in that Town. They further alleged that the defendants engaged in a cover-up of their misrepresentation and improperly interfered (and caused others to) with the property. Whatever the merits of these claims (and defendants believe that there are none), the plaintiffs have failed to articulate any facts establishing that this Court has personal jurisdiction over the individual defendants or the Town of Madison. As such, this Court must dismiss the Amended Complaint as to each of the defendants.

**ARGUMENT**

The plaintiffs bear the burden of establishing that this Court has personal jurisdiction over the defendants. *Andreson v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003); *Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir. 1986). Here, the plaintiffs did not – and cannot – claim that the individual defendants or Town are domiciled or established in Massachusetts. Absent defendants' residency or domicile in

Massachusetts, this court may only exercise jurisdiction over the defendants if <u>both</u> the Massachusetts Long Arm Statute and constitutional due process considerations are satisfied.  *Noonan v. The Winston Company*, 135 F.3d 85, 89 (1st Cir. 1998).  The plaintiffs cannot satisfy either prerequisite.

The Massachusetts Long Arm Statute permits a court to exercise jurisdiction over a foreign citizen or town only where the cause of action arises out of the defendants' transacting business in Massachusetts or where the defendants committed an act or omission, or caused tortuous injury, in that state.  G.L. c. 223A § 3.  The plaintiffs, however, have not alleged that the defendants transacted <u>any</u> business in Massachusetts, much less that their claims arise from such business.  Nor have the plaintiffs alleged that the defendants committed any act or omission, or caused injuries, in Massachusetts.

To the contrary, all of the actions alleged to have occurred took place in New Hampshire.  The property at issue is located in Madison, New Hampshire.  *See* Amended Complaint at ¶¶ 8-9.  The representations allegedly made by the selectmen occurred in New Hampshire.  *See* Amended Complaint ¶¶ 9, 11, 13. Each of the parties that the Selectmen allegedly pressured to take some action adverse

to the plaintiff either reside in Madison, New Hampshire or acted therein.  *See*, e.g., Complaint ¶ 21 (Defendants discouraged New Hampshire Electric Cooperative from installing utility poles); ¶ 22 (Board of Selectmen allegedly order Madison Highway Department to remove gate at entrance to the property); ¶ 27 (Madison, New Hampshire Planning Board rejected plaintiff's application for a subdivision);  ¶ 29 (Madison Police Chief allegedly interfered with road maintenance on the property).  Indeed, even plaintiffs' counsel in the purchase of the property and subsequent discussions with defendants was located in neighboring Chocorua, New Hampshire.  *See* Amended Complaint ¶ 12.

The failure to satisfy the Long Arm Statute alone bars exercise of jurisdiction by the Court.  Even were the statute satisfied, however, the plaintiffs cannot circumvent the constitutional bar to jurisdiction.  Under the Fourteenth Amendment's Due Process Clause, a court may exercise jurisdiction over a party only where the party "has maintained a continuous and systematic linkage with the forum state" (general jurisdiction) or if the case "relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum" (specific jurisdiction).  *Philips Exeter Academy v. Howard*

*Philips Fund*, 196 F.3d 284, 288 (1st Cir. 1999) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Donatelli v. National Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990)).  Here, there are no allegations that the Town of Madison or any of the individual defendants have <u>any</u> linkage to Massachusetts, much less "continuous and systematic" ones.  They fare no better in demonstrating a "significant subset" of contacts required for specific jurisdiction.

A plaintiff seeking to establish specific jurisdiction must satisfy a three part test:

> First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum. Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction.

*Philips Exeter Academy v. Howard Philips Fund*, 196 F.3d at 288.  As previously stated, the plaintiffs' claims do not arise out of any contacts of the defendants to the forum state.  Nor can the plaintiffs suggest that the defendants acted in such a manner as to avail themselves of the benefits and protections of Massachusetts' laws.

Finally, it would be unreasonable to require the defendants, a New Hampshire municipality and its selectmen and town officers, to defend in Boston a case that wholly arose in Northern New Hampshire. The defendants reside in New Hampshire and all of the actions on which the claim is based occurred in New Hampshire. Under such circumstances, due process does not permit the exercise of personal jurisdiction.

## **CONCLUSION**

Needing to satisfy multiple elements to establish this court's jurisdiction over the defendants, the plaintiffs have failed to allege, much less establish, even one. This action should be dismissed for want of personal jurisdiction.

Respectfully submitted,

THE TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS, and ROBERT D. KING

By their Attorneys,

DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

Date:   7/21/05

By: /s/ Brian J.S. Cullen
   Brian J.S. Cullen, Esquire
   BBO #566953
   111 Amherst Street
   Manchester, NH  03105
   (603)669-1000

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Memorandum of Defendants in Support of Motion to Dismiss for Lack of Personal Jurisdiction has been served on this 21st day of July, 2005 by ECF and first class mail to Gerald F. Williamson, Esquire, 71 Legion Parkway, Brockton, MA  02301, counsel for the plaintiff.


                                                         /s/ Brian J.S. Cullen
                                                    Brian J.S. Cullen, Esquire

J:\wdox\docs\forms\bcull\lit\M0744754.DOC