UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
SAMUEL J. BOURNE, Indiv., and  *
as Trustee of Bedrock Realty   *
Trust                          *
            Plaintiff          *
                               *
v.                             *      CASE NO. 05-11384-wgy
                               *
TOWN OF MADISON, MADISON       *
BOARD OF SELECTMEN, JOHN R.    *
ARRUDA, JR., CLIFFORD A.       *
GRAVES, EILEEN T. CRAFTS and   *
ROBERT D. KING                 *
            Defendants.        *
                               *
```

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff's opposition is insufficient to overcome the defendants' Motion to Dismiss for Lack of Personal Jurisdiction in this matter. Although the plaintiff lists a number of contacts between the plaintiff and the defendants, plaintiff fails to identify any contacts between the defendants and Massachusetts, which is the critical inquiry on the jurisdictional issue. Presumably, this failure is in recognition that there are, in fact, not sufficient contacts to permit this Court to constitutionally exercise jurisdiction over the defendants.

Specifically, the plaintiff lists twelve communications between the plaintiff and the defendants.

Of these, six take place solely within New Hampshire. *See* Attachment A, (letter from defendants to plaintiff's New Hampshire-based realtor at her New Hampshire office); Attachment D (license agreement made in Madison, New Hampshire and filed at Carroll County (New Hampshire) Registry of Deeds and signed by selectmen in New Hampshire); Attachment F (letter from plaintiff's New Hampshire attorney to defendants' New Hampshire attorney at their respective New Hampshire offices); Attachment G (letter from John Arruda to plaintiff's New Hampshire counsel at her New Hampshire address); Attachment H (warrant article presented at town meeting in New Hampshire permitting plaintiff to speak at New Hampshire town meeting); and Attachment I (sworn statement of Clifford Graves as Madison Selectman sworn before a New Hampshire justice of the peace in New Hampshire). Another three are letters from plaintiff Sam Bourne to the Board of Selectmen. *See* Attachments B, C and J. Obviously, the defendants do not establish contacts with Massachusetts simply by receiving mail from a resident of that state. Thus, of the twelve purported contacts, only three involve contacts by the defendants sent to the plaintiff. Significantly, all of these are <u>responses</u> to inquiries by the plaintiff. *See* Attachments E, K and L.

2

At no time did the defendants solicit any business from Bourne in Massachusetts. As such, plaintiff's reliance on *Haddad v. Taylor*, 588 N.E.2d 1375 (1992) and *Nowak v. Tack Howe Inv. Ltd.*, 899 F.Supp. 25 (D. Mass. 1995) is misplaced. In each of those cases, jurisdiction – however tenuous – was found based on the respective defendants' intentional solicitation of business in Massachusetts. In *Haddad*, the defendant negotiated for the sale of property <u>located in Massachusetts</u>, and had hired a Massachusetts real estate broker. In *Nowak*, the Hong Kong-based defendant had sent a solicitation to the plaintiff to entice them to stay at the Hong Kong property in which the injury took place.

It is well settled that the plaintiff bears the burden of proving the existence of personal jurisdiction. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995). The plaintiff has not satisfied its burden in this case. As such, the defendants' Motion to Dismiss should be granted.

        Respectfully submitted,

        THE TOWN OF MADISON, MADISON BOARD OF SELECTMEN, JOHN R. ARRUDA, JR., CLIFFORD A. GRAVES, EILEEN T. CRAFTS, and ROBERT D. KING

        By their Attorneys,

        DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

Date: 8/24/05        By: /s/ Brian J.S. Cullen
                    Brian J.S. Cullen, Esquire
                    BBO #566953
                    111 Amherst Street
                    Manchester, NH 03105
                    (603)669-1000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via the ECF and by first class mail on this 24th day of August, 2005 to Gerald F. Williamson, Esquire, 71 Legion Parkway, Brockton, MA 02301, counsel for the plaintiff.

Date: 8/24/05        /s/ Brian J.S. Cullen
                              Brian J.S. Cullen, Esquire

J:\WDOX\DOCS\CLIENTS\04749\74570\M0757065.DOC