UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11384-WGY

| | |
|---|---|
| \*     \*     \*     \* | |
| SAMUEL BOURNE, INDIVIDUALLY | |
| and as Trustee of BEDROCK   \* | |
| REALTY TRUST, Plaintiffs | |
|                      \* | MEMORANDUM IN SUPPORT OF |
|          v | PLAINTIFFS' OPPOSITION |
|                      \* | TO DEFENDANTS' MOTION TO |
| | DISMISS FOR LACK OF |
| TOWN OF MADISON, MADISON   \* | PERSONAL JURISDICTION |
| BOARD OF SELECTMEN, JOHN | |
| R. ARRUDA, JR., CLIFFORD    \* | |
| A. GRAVES, EILEEN T. CRAFTS, | |
| and ROBERT D. KING,       \* | |
|           Defendants | |
| \*     \*     \*     \* | |

## INTRODUCTION

Plaintiffs respectfully submit the within Memorandum
in Support of (their) Opposition to Defendants' Motion to
Dismiss for Lack of Personal Jurisdiction. Plaintiffs
submit that they have complied with the strictures set
forth in the Massachusetts Long Arm Statute, so-called,
Mass. Gen. Laws, Chap. 223A and in the due process
requirements for prosecuting the case in the Federal
District Court for the District of Massachusetts.

– 2 –

## FACTUAL ALLEGATIONS

Plaintiffs allege that they proposed to buy a certain tract of land, 50 acres more or less (the "Locus"), in the Town of Madison, New Hampshire, during the summer of 2002. Since the property is accessed from East Madison Road via one or more easements through abutters' lands, and since Plaintiffs were desirous of obtaining a residential building permit, they conferred with the Town of Madison prior to completing their purchase.

Plaintiffs were advised by the Defendant Board of Selectmen (the "Board") that the access road to the Locus was a Class VI road (NH RSA 229:5, VII). The said Board advised Plaintiffs that the so-called Class VI road was not maintained by the Town of Madison, and that Plaintiffs, in order to obtain a residential building permit would need to execute a certain waiver of liability agreement (the "Agreement"), in effect, relieving the Town of the responsibility of maintaining the road as well as any liability to persons or property using said road.

3 —

Plaintiffs' attorney prepared an Agreement, similar
to a model agreement used by the Town, which contained a
restriction as to use of the road by members of the public.
The Board signed and notarized the Agreement and caused it
to be recorded at the Carroll County Registry of Deeds
on 30 August 2002. In reliance, Plaintiffs completed the
purchase of the Locus on 30 September 2002.

On or about 16 October 2002, Plaintiffs were notified
by the Board that the Agreement was null and void and that
Plaintiffs would need to execute a new agreement or else
they would be denied their building permit. Plaintiffs
refused, resulting in one or more suits filed in state
court which are presently extant.

One or more of the Defendants accused Plaintiffs of
trickery and/or fraud in obtaining the initial approval of
the Board. Plaintiffs have charged the Board with
falsification of their signature on a certain cover letter
dated 26 August 2002. The Defendant Town of Madison (the
"Town") refused to timely issue a residential building
permit to Plaintiffs.

- 4 -

On or about 13 April 2003, under great duress, pressure and coercion from the Town, Plaintiffs executed a new agreement which purported to keep the roadway in question (aka, Solomon Harmon Road) open to the public (including winter use by snow vehicles) in return for the issuance of a building permit. The latter was, in fact, issued on 7 May 2003.

On or about 14 September 2003, the Town was instrumental in submitting House Bill 1166 to the state legislature which became law. Town meeting members had twice rejected the bill which greatly abridged the rights of landowners (including Plaintiffs) to the unfettered use of so-called Class VI roads through their properties.

On or about 14 October 2003 Plaintiffs applied for a four-lot subdivision permit. The Madison Planning Board rejected the application, although they later approved a similar (more tenuous) application from another landowner.

On or about 19 November 2003 the Board wrongfully coerced Plaintiffs to have the so-called Solomon Harmon

- 5 -

road surveyed, repaired, and maintained, despite the Town's insistence that the road was the responsibility of the Town.

On one or more occasions the Board caused Plaintiffs to remove gates and bars from the roadway on their property in contravention of state law and the order of a state court judge.

In order to further thwart Plaintiffs' use of their property, the Town caused the commencement of a formal highway layout procedure, in violation of one or more state statutes.

On and after 30 September 2005, the Town has wrongfully attempted to restrict Plaintiffs use of the roadway into their property by wrongfully arguing that the so-called Solomon Harmon road is a Class VI highway under theories of prescriptive easement, dedication and acceptance, lapse of use over five (5) years, and/or highway layout.

- 6 -

On or about 6 February 2004, the Town revoked the
building permit issued to Plaintiffs citing bad faith
reasons which were never presented to Plaintiffs when their
said building permit was originally issued during May of
2003. The building permit remains unissued to the present.

To the present day, Plaintiffs have been denied the
use and enjoyment of their property by the named
Defendants, they have been threatened by the Town with
arrest, they have been subjected to harassment, and they
have been forced to expend large sums of money for legal,
survey, maintenance, travel, and other costs and expenses
associated with their attempts to use and enjoy their
property.

## LEGAL ARGUMENT

Plaintiffs, residents of Massachusetts, have opted
to sue Defendants, all residents of New Hampshire, in the
Federal District Court for the District of Massachusetts.
They are required to conform to the statutory requirements
of the Massachusetts Long-Arm statute, so-called, Mass.

- 7 -

Gen. Laws, Chap. 223A as well as being held to reasonable
due process standards. American Home Assurance Co. v Sport
Maska, Inc. (808 Fed. Supp. 67)(D. Mass. 1992).


        In order to satisfy the statutory requirement of
"doing business" within the Commonwealth, the courts
require a certain level of minimum contacts between the
parties. Where, as here, a nonresident buyer attempted to
purchase land in another state through a local broker,
hired a local attorney to assist in the procurement effort,
then conferred by telecon, FAX, and letter with the
municipality where the land was located, and there were
allegations of negligence and fraud by the municipality,
personal jurisdiction over the nonresident Town was not
unfair or unreasonable. Haddad v Taylor (588 NE 2nd 1375)
(1992). Good Hope Industries, Inc. v Ryder Scott Co. (378
Mass. 1)(1979).


        In fact, the case presently before the Court is
replete with various contacts between the parties, leading
to the commission and cover-up of tortious conduct by the
Defendants involved. Letter of 28 June 2002 from Town of

- 8 -

Madison to Susan Day, Realtor (Att. A); first letter of 26
August 2002 from Sam Bourne to Board of Selectmen (Att. B);
second (forged) letter of 26 August 2002 from Sam Bourne to
Board of Selectmen (Att. C); Agreement between Plaintiffs
and Board of Selectmen of 28 August 2002 (Att. D); letter
of 16 October 2002 from Office of Selectmen to Samuel J.
Bourne (Att. E); letter of 6 September 2002 from Judith N.
Reardon, Esq. to Randall F. Cooper, Esq. (Att. F); letter
of 8 November 2002 from John Arruda, Chairman to Judith
Reardon, Esq. (Att. G); Town Meeting Warrant of 2003
allowing nonvoter (Samuel Bourne) to speak (Att. H); sworn
statements of 12 December 2003 by Board of Selectmen
denying forgery (Att. I); letter of 13 April 2005 from Sam
Bourne, Tr., to Chief John H. Pickering (Att. J); reply
letter of 18 April 2003 from Chief John H. Pickering to
Sam Bourne (Att. K); FAX letter of 28 February 2005 from
Randall F. Cooper, Esq. to Samuel Bourne, Tr. (Att. L).

     Such extensive communications between the parties
involved in an out-of-state transaction clearly would not
offend the due process clause where the cause of action
arose directly out of and in connection with these contacts

- 9 -

between the parties involved in the dispute. <u>Landmark Bank</u>
<u>v Machera</u> (736 Fed. Supp. 375)(D. Mass. 1990). Even a
single act memorialized between the parties may suffice to
grant personal jurisdiction. <u>Nowak v Tak How Inv. Ltd.</u>
(899 Fed. Supp. 25)(D. Mass. 1995). See also, <u>Haddad v</u>
<u>Taylor,</u> supra.


     Without doubt, communications between the Town's legal
counsel, Plaintiffs' local counsel, Plaintiffs themselves,
and  Defendants  themselves  (Att.  A  —  L)  are  within  the
penumbra  of  decisions  where  personal  jurisdiction  was
conferred on out-of-state defendants. <u>JMTR Enterprises, LLC</u>
<u>v Duchin</u> (42 Fed. Supp. 2nd 87)(D. Mass. 1999). Clearly,
the  named  Defendants  in  this  case  need  not  be  physically
present  in  Massachusetts  at  all.  <u>Energy  Capital  and</u>
<u>Services,  LP  v  Hill  Refrigeration,  Inc.</u>  (989  Fed.  Supp.
353)(D. Mass. 1997). Nor is the activity required to be
strictly  commercial  in  nature.  <u>Johnson  v  Witkowski</u>  (411
Mass. 1104)(1991).

- 10 -

In the instant case, communications between the parties and their respective agents was effected by telecon, FAX, personal meetings, letters, and various memoranda. Plaintiffs, furthermore have alleged fraud and deception by one or more of the Defendants. In this context, personal jurisdiction ought not be denied and the exercise of personal jurisdiction would not offend the due process clause. <u>Landmark Bank v Machera</u>, supra.

## CONCLUSION

Plaintiffs submit that they have more than established the requirements of sufficient contacts and due process in order to effect personal jurisdiction over the named Defendants in the within case. Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction ought to be summarily denied.

- 11 -

16 August 2005                    The Plaintiff: Samuel Bourne,

                                  Individually and as Trustee of
                                  Bedrock Realty Trust

                                  By their attorney:

                                  Gerald F. Williamson, Esq.
                                  71 Legion Parkway
                                  Brockton, MA 02301
                                  (508)588-2284  BBO #529240

ATT. A

FROM : TOWN OF MADISON          FAX NO. : 603-367-4347          JUN. 28 2002 12:56PM  P1

**TOWN OF MADISON**
**OFFICE OF THE SELECTMEN**
**PO BOX 248**
**MADISON, NH 03849**
**603-367-4332**

*Robin L. Frost, Town Administrator*

June 28, 2002

LeTTer
OF
In TenT To
ResTRicT

Susan Day
Lloyd & Day Real Estate

VIA Fax 323-2314

Dear Susan:

     Pursuant to our telephone conversation of this date, I am writing to clarify what the Selectmen have discussed at their recent meetings with regard to Solomon Harmon Road.. As you know, Solomon Harmon Road is a Town of Madison Class VI Road and such is a public way. This means that the public is allowed to use it for travel as they would like. Right now, the road is restricted in as far as the Selectmen have deemed it to be for snowmobile travel during the winter months and such cannot be used by conventional motor vehicles at the same time.

     Having said that, the Selectmen were approached by a couple who were considering the purchase of a piece of property that is accessible by Solomon Harmon Road. The couple was told that should they decide to purchase the property, the use of that road as a snowmobile trail would have to be prohibited so that they could access their property by conventional motor vehicle(it was the Selectmen's impression that the couple would be using the property as a year round residence.) They were also informed that if they were to build on the property, before being granted a building permit, they would be required to sign a waiver of liability form because the Town does not maintain Class VI Roads and maintenance would be their responsibility. They were also told that they could in no way close off the road as it would remain a public way, even though they would be responsible for said maintenance.

     I believe the above accurately represents this Board of Selectmen's viewpoint with regard to Solomon Harmon Road at this time. Please do not hesitate to contact the Board if you have further comments or questions.

         Sincerely,

         Robin L. Frost
         Town Administrator



ATT. B

August 26, 2002

Attention: Town Of Madison
         Board of Selectmen

Enclosed is the signed waiver for the Town of Madison for Solomon Harmon Road,
leading to Lot 19, East Madison Road.

Please have the selectmen sign and send a copy to me in the enclosed self-addressed
stamped envelope. Also, let me know if the original is to be recorded by the town or by
the lawyer at the closing date, tentatively set at September 30, 2002.

As soon as I receive state approval on the septic design, I will send in the application for
the building permit with the state approval.

Thank you for your time,

Sam Bourne
P.O. Box 545
East Bridgewater, Ma 02333
1-506-376-9519

THIS FORGERY
Selectmen Trying to cover
their mistakes

ATT. C

August 26, 2002



Attention: Town Of Madison
          Board of Selectmen

Enclosed is a revised signed waiver for the Town of Madison for Solomon Harmon Road,
leading to Lot 19, East Madison Road.

Please have the selectmen review, sign and send a copy to me in the enclosed self-
addressed stamped envelope. Also, let me know if the original is to be recorded by the
town or by the lawyer at the closing date, tentatively set at September 30, 2002.

the state approval on the septic design, I will send in the application for
the building permit with the state approval.

Thank you for your time,

Sam Bourne
P.O. Box 545
East Bridgewater, Ma 02333
1-508-378-9319  FAX 1-508-378-7621

*I Certify This is The original copy sent with The first Revized Agreement.*

*Sam Bourne*

*Cover sheet sent to town with agreement*

FROM :                          PHONE NO. : 5085882285          Aug. 25 2005 09:45AM P17

ATT. D (1 of 3)

A TRUE CO  ATTEST BOOK 2056 PAGE 6-8
CARROLL COUNTY REGISTRY OF DEEDS
_Ailene H Chase, Deputy_
12/23/02                    REGISTER

## AGREEMENT

An Agreement made this 26th day of _August_, 2002 between Town of Madison, a New Hampshire municipal corporation, with a mailing address of P.O. Box 248, Madison, NH 03849 (Licensor) and Samuel J. Bourne and Cheryl L. Bourne, individually and as Trustees of the Bedrock Realty Trust, P.O. Box 545, East Bridgewater, MA 02333 (Licensee).

WHEREAS, Licensee has contracted to purchase Tax Map 6, Lot 19 (the "property") and;
WHEREAS, access to the property is over Solomon Harmon Road, a Class VI Highway and;
WHEREAS, the Licensor, pursuant to the provisions of RSA 674:41 (I) (c), has agreed to issue a building permit for the construction of a residence and improvement on the Property, and a license to maintain that portion of Solomon Harmon Road serving as access to the Property as if a private driveway, subject to the Licensee agreeing to maintain said roadway.

NOW THEREFORE, the parties agree that the following provisions will apply upon the Licensee becoming owner of the Property:

1. Licensor agrees to issue to Licensee a building permit for the construction of a residence on the Licensee's aforesaid property with access to the residence to be over Solomon Harmon Road so-called, and further grants to the Licensee a license to maintain that portion of Solomon Harmon Road that is used to access the Property as if the same were a private driveway.

2. Licensee acknowledges that the Town of Madison, by the issuance of said building permit and the granting of this license, neither assumes responsibility for the maintenance and repair of Solomon Harmon Road, nor assumes liability for any damages to Licensee or Licensee's heirs, successors, assigns, guests, invitees or any others who should use Solomon Harmon Road for the purpose of accessing Licensee's property.

3. Licensee will not hold the Town of Madison liable for injuries or damages that may arise from all risks associated with and /or requiring municipal response to emergencies on said Property (including, but not limited to, police, fire and ambulance services), when the municipal response is hampered or delayed by the location of the Property on a Class VI roadway, or by the failure of the Licensee to maintain that portion of Solomon Harmon Road accessing the Property in a reasonable condition to allow such emergency access.

4. The Licensor agrees that the public will be prohibited from using the right-of-way running across the Property of Licensee (Tax Map 6, Lot 19), and that police and fire personnel shall use said right of way only for emergency purposes and that Conservation Commission personnel shall use said right of way only upon advance notice to Licensee. Licensor will indemnify Licensee from any liability for any injuries suffered by said personnel.

5. Licensor agrees never to reclassify Solomon Harmon Road as a Class V highway, unless such reclassification is not objected to by Licensee or its successors and assigns.

6. This Agreement shall be appurtenant to and run with said Property, and further that the same is intended to be binding and enforceable against the Licensee's heirs, successors and assigns.

_noTe * Original Agreement Before Purchase_

CARROLL COUNTY REGISTRY
RECEIVED
2002 AUG 30 AM 10:58
REGISTER OF DEEDS

015654

BK 2056 PG 006

Page 1

ATT. D (2 of 3)

_(signature)_
Selectman, Town Of Madison

_(signature)_
Selectman, Town Of Madison

_(signature)_
Selectman, Town Of Madison

STATE OF NEW HAMPSHIRE
COUNTY OF CARROLL

Appeared before me ___John Arruda___, Selectman of the Town of Madison, and acknowledged the foregoing Agreement to be his/her voluntary act and deed in that capacity, on this 28th day of ___August___ 2002.

_(signature)_ Melissa Shackford Arias
Notary Public/Justice of the Peace
MELISSA SHACKFORD ARIAS, Notary Public
My Commission Expires June 24, 2003
My commission expires: _____

STATE OF NEW HAMPSHIRE
COUNTY OF CARROLL

Appeared before me ___Clifford A. Graves___, Selectman of the Town of Madison, and acknowledged that foregoing Agreement to be his/her voluntary act and deed in that capacity, on this 28th day of ___August___ 2002.

_(signature)_ Melissa Shackford Arias
Notary Public/Justice of the Peace
MELISSA SHACKFORD ARIAS, Notary Public
My Commission Expires June 24, 2003
My commission expires: _____

STATE OF NEW HAMPSHIRE
COUNTY OF CARROLL

Appeared before me ___Eileen T. Crafts___, Selectman of the Town of Madison, and acknowledged that foregoing Agreement to be his/her voluntary act and deed in that capacity, on this 28th day of ___August___ 2002.

_(signature)_ Melissa Shackford Arias
Notary Public/Justice of the Peace
MELISSA SHACKFORD ARIAS, Notary Public
My Commission Expires June 24, 2003
My commission expires: _____

Page 2

ATT. D (3 of 3)

_Samuel J. Bourne_            _Cheryl L. Bourne_
Samuel J. Bourne                Cheryl L. Bourne

**STATE OF MASSACHUSETTS**
**COUNTY OF PLYMOUTH**

Appeared before me Samuel J. Bourne and acknowledged the foregoing Agreement regarding Solomon Harmon Road to be his true and voluntary act and deed, on this 25ᵗʰ day of _August_ 2002.

Notary Public

My commission expires: _Jan. 24. 2008_

**STATE OF MASSACHUSETTS**
**COUNTY OF PLYMOUTH**

Appeared before me Cheryl L. Bourne and acknowledged the foregoing to be her true and voluntary act and deed, on this _25ᵗʰ_ day of _August_ 2002.

Notary Public

My commission expires: _Jan-24-2008_

BK 2056 PG 008

Page 3

ATT. E

**TOWN OF MADISON**
OFFICE OF SELECTMAN
POST OFFICE BOX 248
MADISON, NEW HAMPSHIRE 03849
Phone: 603-367-4332
Fax: 603-367-4547
E-Mail: office.ci.madison.nh.us

October 16, 2002

Mr. Samuel J. Bourne
PO Box 545
East Bridgewater, MA  02333

VIA Certified Mail 7001 1940 0007 0604 4548

Dear Mr. Bourne:

Enclosed please find a revised agreement for the Solomon Harmon Road. This agreement is required in order for the Town to issue a building permit for this property. Therefore, it would be in your best interest to sign the attached agreement, have your signature(s) notarized, and return it to the Town of Madison as soon as possible.

In reference to our phone conversation of October 11th, you are aware that the previous agreement is invalid due to the fact that your attorney altered our original waiver to include that the general public cannot have access to the Solomon Harmon Road, which is a Town Class VI Road. This altered agreement is not valid due to the fact that the Board of Selectmen has no authority to impose this restriction. This type of restriction is the sole responsibility of the legislative body through Town Meeting, and no other.

If you have any questions in regard to the above, please notify me at the Madison Town Hall.

Sincerely,

John Arruda, Chairman
Board of Selectmen

JA/msa
enclosure

ATT. F (1 of 2)

# JUDITH N. REARDON
### ATTORNEY AT LAW

216 CHOCORUA MTN HWY
P.O. BOX 350
CHOCORUA, NH  03817-0350

TELEPHONE (603) 323-7165
FAX (603) 323-7467
www.jnrlaw.com

November 6, 2002

Randall F. Cooper, Esq.
Cooper, Deans & Cargill
P.O. Box 450
North Conway, NH 03860
SENT BY FAX TO 356-7975

RE:    Town of Madison and Bedrock Realty Trust (Samuel and Cheryl Bourne, Trustees)

Dear Randy,

My clients, Samuel and Cheryl Bourne, are the Trustees of the Bedrock Realty Trust, which purchased the property of Raymond and Heather Giandrea off of East Madison Road in Madison (Lot 19 on Tax Map 6). Prior to purchasing the property, the Trustees were told that in order to obtain a building permit, the Town of Madison would require them to sign an Agreement which would release the Town from liability, pursuant to RSA 674:41(I)(c), since the property is accessed from a Class VI road. The Town of Madison also wanted a guarantee that its Conservation Commission, and state Fish & Game officials, could access a tract of Town conservation land across the land that the Trust was purchasing. My clients in turn wanted it agreed that the general public would not be crossing the Giandrea land for access to the conservation land, since there are other accesses to the conservation land, and since there has been vandalism on the Giandrea land, including the dumping of waste and timber trespass. I would also note that there is evidence that the Class VI road, known as Solomon Harmon Road, never extended onto the land purchased by my clients.

Therefore, I prepared the attached agreement which used the pertinent language from the Town of Madison's standard agreement, while deleting and adding various provisions. The Selectmen of Madison all signed this agreement on August 28, 2002, and then they recorded the agreement at the Registry of Deeds. The Trust's purchase of the land was conditional upon getting that agreement with the Town of Madison, so once the agreement was signed, my clients as Trustees purchased the land on September 23, 2002.

Shortly thereafter, my clients put a padlocked chain across their driveway, in accordance with paragraph 4 of the agreement, and provided a key for use of Town personnel. Apparently a horseback rider complained, and the Town building inspector, Robert Babine, cut the chain. When my clients complained, Selectman John Arruda, one of the signatories of the agreement, told them that the agreement was void, and that a building permit would not be issued until the matter was resolved, but that a gate across the driveway would be permissible as long as it was not locked. Yesterday Mr. Babine came to the site where posts for the gate are being installed and claimed that the gate was illegal and that those constructing it could be arrested. This is clearly outrageous!

ATT. F (2 of 2)

November 6, 2002
Page 2


      The Bedrock Realty Trust has mailed its application for building permit to the Town of Madison, and the Agreement states (in paragraph 1) that a building permit will be granted. We are prepared to seek an immediate injunction if it is not granted, or if any gates or chains across my clients' driveway are removed, or if any harassment and threats are made by Town officials regarding this issue. If you anticipate any such problems, please contact me right away.


                     Sincerely,

                     Judith N. Reardon

18260/1598

ATT. G

**TOWN OF MADISON**
OFFICE OF SELECTMAN
POST OFFICE BOX 248
MADISON, NEW HAMPSHIRE 03849
Phone: 603-367-4332
Fax: 603-367-4547
E-Mail: office.ci.madison.nh.us

November 8, 2002

Attorney Judith Reardon
PO Box 350
Chocorua, NH  03817

Dear Attorney Reardon:

    Enclosed please find copies of documentation relative to the Madison Class VI Solomon Harmon Road.  These documents consist of a copy of the tax map as well as information from the Class VI Road Study Committee Report pertaining to the Solomon Harmon Road.

Sincerely,

John Arruda, Chairman
Board of Selectmen

JA/msa
enclosures

ATT. H

**Article 26.** To see if the Town will vote to authorize the opening of all Town Class VI roads to use by Off-Highway Recreational Vehicles (OHRVs) as defined in RSA 215-A:1, excepting only the Granville Perkins Road previously restricted by Selectmen's Regulation and any public rights-of-way restricted by deeded covenants, pursuant to RSA 215-A:6 IX, RSA 215-A:7, and RSA 215-A:15. And further, to delegate authority to the Board of Selectmen to regulate OHRV uses on all such roads, including regulatory actions that said laws may seem to place under Town Meeting authority. Petition signed Donald Pray, et al.

   Moved: Donald Pray, Seconded: Robert King      *Road Study Committee*

The Moderator advised the voters that after receiving a properly endorsed petition this article would be voted on by ballot marked "C".

After lengthy discussion by both sides, Richard Lowry moved, Sean Dunker-Bendigo seconded, a motion to end debate. The moderator informed the voters this required a 2/3 vote. Debate was ended when the vote exceeded the 2/3 majority.

Article 26 by ballot marked with a "C" was DEFEATED. Yes—69; No-96.      *NOT*

**Article 27.** To see if the Town will vote to request that the Selectmen seek changes to the state OHRV law (RSA 215-A) as follows: (1) Make it clear that the branch of municipal government with authority to regulate OHRV use of town highways, including Class VI roads, is the governing body, consistent with RSA 41:11 and case law on the subject, such authority to include the opening and closing of such roads to OHRV use; and (2) Provide the governing body with regulatory authority to establish dual use arrangements for snowmobiles and highway vehicles on town roads that are not maintained by the town in winter, including sections of Class VI roads serving as privately plowed driveways to dwellings located thereon. Petition signed Gary Williams, et al.      *Road Study Committee*

   Moved: Roger Cyr; Seconded: Henry Forrest.

Robert King called for a Point of Order, seconded by Gary Williams, to overrule the Moderator and not allow a non-voter to repeatedly continue to speak on this subject.

After a very close call by a show of hands, Robert King withdrew his Point of Order and the non-voter was allowed to speak.

By a physical count of hands, Article 27 was DEFEATED by a vote of Yes—53; No-71.

EXHIBIT -J-4

08/03/2004 TUE 14:01 FAX 603 226 3218 PRETI FLAHERTY          ATT. I (1 of 3)      ☒005/006

AUG- 3-04 TUE 12:20 PM   CARROLL. COUNTY. SHERIFF..     FAX NO.   603 539 7506      P. 6

## SWORN STATEMENT

I, Clifford A. Graves, Selectman of the Town of Madison, swear under oath that I did not forge any signature to the document entitled Agreement and dated August 28, 2002 between the Town of Madison and Samuel & Cheryl Bourne.

I swear I did not sign Samuel Bourne's name nor did I alter said document in any form.

Signed:   _Clifford A. Graves_

Dated:   _December 12, 2003_

Appeared before me, Clifford A. Graves and acknowledged the foregoing statement is true and voluntarily given this       _13th_  day of  _Dec_
        2003.

_Marcia Shackford_
**Marcia Shackford**
**Justice of the Peace**      MARCIA E. SHACKFORD, Justice of the Peace
My Commission Expires November 9, 2005

EXHIBIT 3

ATT. I (2 of 3)

08/03/2004 TUE 14:00  FAX 603 226 3218 PRETI FLAHERTY                  Ø004/006

AUG- 3-04 TUE 12:19 PM  CARROLL. COUNTY. SHERIFF..   FAX NO.  603 539 7506     P. 5

## SWORN STATEMENT

I, John Arruda, Selectman of the Town of Madison, swear under oath that I did not forge any signature to the document entitled Agreement and dated August 28, 2002 between the Town of Madison and Samuel & Cheryl Bourne.

I swear I did not sign Samuel Bourne's name nor did I alter said document in any form.

Signed: _____

Dated: _____12/12/03_____

Appeared before me, John Arruda and acknowledged the foregoing statement is true and voluntarily given this _____12th_____ day of _____Dec._____ 2003.

_____Marcia Shackford_____

**Marcia Shackford**
**Justice of the Peace**    MARCIA E. SHACKFORD, Justice of the Peace
My Commission Expires November 9, 2005

*[handwritten notes: "Cover Up", "Note Agreement not in question", "the Cover Letter is forget", "EXHIBIT 2", "PDF"]*

FROM :    PHONE NO. : 5085882285    Aug. 25 2005 09:51AM P27

08/03/2004 TUE 14:01 FAX 603 226 3218 PRETI FLAHERTY    ATT. I (3 of 3) @006/006

AUG- 3-04 TUE 12:20 PM  CARROLL. COUNTY. SHERIFF..    FAX NO.  603 539 7506    P. 7

## SWORN STATEMENT

I, Melissa Arias, Administrative Assistant for the Selectman of the Town of Madison, swear under oath that I did not forge any signature to the document entitled Agreement and dated August 28, 2002 between the Town of Madison and Samuel & Cheryl Bourne.

I swear I did not sign Samuel Bourne's name nor did I alter said document in any form.

Signed:    _Melissa Arias_

Dated:    _12/15/03_

Appeared before me, Melissa Arias and acknowledged the foregoing statement is true and voluntarily given this    15th    day of    Dec.    2003.

_Marcia Shackford_
Marcia Shackford
Justice of the Peace    • MARCIA E. SHACKFORD, Justice of the Peace
My Commission Expires November 9, 2005

EXHIBIT D

ATT. J

**4-13-2005**

Dear Chief Pickering,

Re- 128 East Madison Road Madison, NH

　　　Can you send me a copy of all, if any, time logs or records of time you or any other police officer spent on my property in the past 18 months (Nov 03 – April 05) in regards to the pending court order to enforce the speed limits and to stop any trespass beyond the trail presently being used through my front yard.

Also in your reply, can you tell me what your responsibility is for enforcing the town's protective bylaws and ordinances?

Also could you tell me why my address has not been updated for emergency response?

Thank you,

Sam Bourne Trustee
Bedrock Realty Trust
P.O. Box 545
East Bridgewater MA 02333

CC: Cooper

FROM :                          PHONE NO. : 5085882285        Aug. 25 2005 09:52AM P29

ATT. K



# Madison Police Department

P.O. Box 223
Route 113 West, Village Road
Madison, New Hampshire 03849

**John H. Pickering**
*Chief of Police*

Emergency
Office (603) 367-8.
Fax (603) 367-4

*JP:kjc*

18 April 2005

Mr. Sam Bourne
Bedrock Realty Trust
P.O. Box 545
East Bridgewater, MA. 02333

Dear Mr. Bourne

Re:    **Your letter dated 13 April 2005**

Police Reports:        None.  Have received no complaints regarding problems there.

Authority:             Police have full authority in enforcing town ordinances that are not
civil in nature.

Address Update:        I do not know.  I am not in charge of that.

Sincerely

Chief John H. Pickering
Madison Police Department

ATT. L (1 of 2)

# COOPER, DEANS & CARGILL, P.A.
### ATTORNEYS AT LAW
2935 WHITE MOUNTAIN HIGHWAY
NORTH CONWAY, NEW HAMPSHIRE 03860
Tel 603-356-5439 ● Fax 603-356-7975 ● Web www.cdc-law.com

RANDALL F. COOPER*
DORCAS H. DEANS
KENNETH R. CARGILL*
PAUL W. CHANT†
CHARLES L. GREENHALGH
DENNIS L. MORGAN**
PAUL W. MULLEN
CLAUDINE C. SAFAR††
DEBORAH A. FAUVER
ELLEN L. GORDON, Of Counsel

PHILIP S. RADER (1952-1999)

ADMITTED IN
*NH AND MAINE
†NH AND MA
**NH AND OHIO
††NH, VT AND MAINE

E-MAIL: rfcooper@cdc-law.com

### FAX TRANSMISSION - February 28, 2005
### with mail confirmation

NOTICE: The information contained in this fax transmission is intended only for the individual or entity named. THIS INFORMATION MAY BE PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not the intended recipient, you are hereby notified and instructed not to read anything beyond this notice and you are further prohibited from disseminating, distributing or copying any part of this communication. If you received this fax transmission in error, please call us collect at (603) 356-5439.

FAX NUMBER:    (508) 378-7621                TOTAL PAGES:    2

Samual Bourne, Trustee
Bedrock Realty Trust
P.O. Box 545
East Bridgewater, MA 02333

Re:    Right to Know Request
       Our File No. 1101.153

Dear Mr. Bourne:

I am in receipt of your letter of February 23, 2005 regarding a request pursuant to the provision of RSA 91-A.

Please be advised that there is a difference between matters for discovery as controlled by the Superior Court under its rules, and minutes and records available for public inspection under RSA 91-A:4. With respect to the former, as counsel appearing for the Town of Madison, I am the exclusive and only conduit for you to address such requests, and the Superior Court is the final arbiter of what you are entitled to discover. With respect to the latter, I am not the appropriate person, and instead the Town Clerk and Selectmen's Office are the appropriate places for you to start your inquiry.

In order to assist you with your request, you are correct that you have the right to inspect the minutes of all public meetings of the Board of Selectmen or other committees of the town. The town has no obligation to produce copies of those minutes to you, and instead you may ask to review those minutes during the regular business hours of the town offices. At that time, if you wish to designate particular minutes you wish to have copied (and which do not presently appear


ATT. L (2 of 2)

February 28, 2005
Page 2

on the town web site), the town will provide you copies subject to you paying for the cost of
copying.

With respect to the personnel records of any town employees, those are not subject to your
inspection. Furthermore, meetings of public bodies in non-public session are permitted with
respect to the hiring and/or dismissal of public employees. It would be my expectation, that the
minutes of any citizen review committee appointed by the Board of Selectmen to assist in the
interviewing and review of candidates for police chief would have been non-public sessions
under RSA 91-A:3(b).

With respect to minutes of proceedings in non-public session, the record of all such actions
taken, which are not voted to be sealed as provided in RSA 91-A:3,III, will appear in the public
session minutes that you have the right to inspect. In order to satisfy any appropriate request that
you wish to make regarding s non-public sessions, I would suggest that as you conduct your
review of the minutes of the Board of Selectmen's meetings, and you should note the date, time
and expressed purpose of the non-public session you wish to review. It is only upon receipt of
that information in a written request pursuant to RSA 91-A:4, IV, that the Town will be able to
either make that record available or deny the request in writing with reasons.

Thank your for your attention to this matter, and if you should have any questions, please do not
hesitate to call.

Very truly yours,

COOPER, DEANS & CARGILL, P.A.

Randall F. Cooper, Esq.

RFC:rfc
enclosure(s)
cc: Board of Selectmen

Y:\RFC\MADISON\Bournie\Letter\Bournie 050228.wpd